■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE VELASQUEZ, Appellant. [914 NYS2d 28]—

Judgment, Supreme Court, New York County (Maxwell T. Wiley, J.), rendered October 2, 2007, convicting defendant, after a jury trial, of robbery in the first and second degrees and burglary in the first and second degrees, and sentencing him to an aggregate term of nine years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. Furthermore, we find that it was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence established that defendant was an active participant in the crime.

The court charged the jury that one of the prosecution witnesses was an accomplice as a matter of law, whose testimony would thus require corroboration (*see* CPL 60.22). Defendant then requested that the court submit to the jury the factual issue of whether additional prosecution witnesses were accomplices. The court complied with the request to the extent of charging the jury that the corroboration requirement would apply to any additional witnesses that the jury found to be accomplices. No further objection was made. Defendant never alerted the court to his present claim that the court should have specifically named the two witnesses as potential accomplices in fact. Accordingly, that claim is unpreserved (*see People v Whalen*, 59 NY2d 273, 280 [1983]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The jury could readily determine from the evidence presented, as well as defendant's summation, that the accomplice status of two particular witnesses was at issue. "Jurors are presumed to have sufficient intelligence to make elementary logical inferences presupposed by the language of a charge, and defendants are therefore not entitled to select the phraseology to illustrate such inferences" (*People v Levy*, 15 NY3d 510, 517 [2010] [internal quotation marks omitted]). Concur—Tom, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.